```
         UNITED STATES DISTRICT COURT FOR THE
            MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL A. PORTER,              :
                                :
           Petitioner           :
                                :   CIVIL NO. 1:CV-05-0681
      vs.                       :
                                :   (Judge Caldwell)
JAMES L. GRACE, et al.,         :
                                :
           Respondents.         :
```

M E M O R A N D U M

I.  Introduction

We are considering the pro se petition of Michael Porter, an inmate at SCI-Huntingdon, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His contends that the Pennsylvania Board of Probation and Parole ("Parole Board") and the staff at SCI-Huntingdon have hindered his attempts to obtain parole and are attempting to use incriminating statements against him. Specifically, Porter claims that the Parole Board and prison staff have violated his constitutional rights by: (1) forcing him to believe that he must complete sex offender treatment before he can participate in the parole release program, and refusing to acknowledge that he has already completed the program in which they want him to participate; (2) coercing him into making incriminating statements in order to be released on parole and refusing to acknowledge that he made the statements; and (3)

failing to adequately review his case and leaving him open to further prosecution by coercing him into making false incriminating statements. He is seeking immediate release on parole or immediate review by the parole board. Porter also requests that his sex offender statement be expunged.

II.  Background

In March of 1995, Petitioner was sentenced by the Washington County Court to nine and one-half to nineteen years imprisonment on charges of rape and unlawful restraint.[1] (Doc. 11, Ex. 1, ¶ 26). He was re-sentenced on January 31, 1997, to eight and one-half to seventeen years. (*Id*.). The minimum expiration date for his sentence was December 20, 2002, and the maximum expiration date is June 20, 2011. (*Id*. at ¶ 27).

Porter has been considered for parole twice by the Parole Board. In its November 4, 2002, decision, the Board denied parole and determined that Petitioner's parole eligibility would be reviewed in or after September 2004. (*Id*. at Attachment C). The notice explaining the Board's decision stated:

> Following an interview with you and a review of your file, the Pennsylvania Board of Probation and Parole has determined that the

---

[1] Porter was also convicted of simple assault which merged with the rape conviction.

>fair administration of justice cannot be
>achieved through your release on parole.  You
>are therefore refused parole and order to:
>
>Be reviewed in or after September, 2004.
>
>At your next interview, the Board will review
>your file and consider: whether you have
>successfully completed a treatment program
>for: sex offenders, core group and batterer's
>intervention; whether you have received a
>favorable recommendation for parole from the
>Department of Corrections; whether you have
>received a clear conduct record and completed
>the Department of Corrections' prescriptive
>program(s).  (*Id.*).

Petitioner was again denied parole on October 7, 2004, and his eligibility was set to be reviewed in or after September 2005.  (Id. at Attachment D).  The notice of Porter's parole denial states that:

>Following an interview with you and a review
>of your file, and having considered all
>matters required pursuant to the Parole Act of
>1941, as amended, 61 P.S. § 331.1 *et seq.*, the
>Board of Probation and Parole, in the exercise
>of its discretion, has determined at this time
>that: your best interests do not justify or
>require you being paroled/reparoled; and, the
>interests of the Commonwealth will be injured
>if you were paroled/reparoled.  Therefore, you
>are refused parole/reparole at this time.  The
>reasons for the Board's decision include the
>following:
>
>Your version of the nature and circumstances
>of the offense(s) committed; the
>recommendation by the Department of
>Corrections; Your unacceptable compliance with
>the prescribed institutional programs; your
>need to participate in and complete additional

> institutional programs; your interview with the Hearing Examiner and/or Board member.
>
> You will be reviewed in or after September, 2005.
>
> At your next interview, the Board will review your file and consider: whether you have participated in/successfully completed a treatment program for: sex offenders and batterer's group; whether you have received/maintained a favorable recommendation for parole from the Department of Corrections; whether you have received/maintained a clear conduct record and completed the Department of Corrections prescriptive program(s). (*Id.*).

In between his parole reviews, Porter did participate in sex offender treatment and a batterer's intervention group. The sex offender treatment program required him to take responsibility for his "sexually offensive behavior." (Doc. 11, Ex. 2, ¶ 18). Despite this requirement, Porter continued to deny responsibility of his actions while participating in the batterer's group. (*Id.* at Attachment E). The institutional records reflect that at the time of his second parole evaluation, Petitioner's sex offender treatment was on-going and that he had failed the batterer's intervention program. (*Id.* at Attachment C).

-4-

III.  Discussion

    A.  Exhaustion

The Respondents contend that Porter should have exhausted his state court remedies, via a writ of mandamus, prior to filing his § 2254 petition.  Porter argues that state court remedies are not available for claims of constitutional violations in parole decisions.  We must agree with the Petitioner as the Third Circuit has held "...that claims of constitutional violations in the denial of parole in Pennsylvania need not be presented to the state courts via a petition for writ of mandamus in order to satisfy the requirement of exhaustion."  *DeFoy v. McMullough*, 393 F.3d 439, 445 (3d Cir. 2005).

    B.  Sex Offender Treatment

Petitioner contends that he is being forced to participate in sex offender treatment before he can participate in the parole release program and that officials refuse to acknowledge that he has completed sex offender treatment.  He argues this is being done in violation of the Fourteenth Amendment guarantees of procedural due process and equal protection.  "An equal protection claim arises when an individual contends that he is receiving different treatment from that received by other individuals similarly situated."  *Kuhar v. Greensburg-Sale School*

*Dist.*, 616 F.2d 676, 677 n.1 (3d Cir. 1980).  Inasmuch as the Petitioner has not alleged that he was treated differently than others similarly situated, his equal protection claim must fail.

With regard to the Petitioner's due process claim, there is no constitutionally created liberty interest in parole. *See, e.g., Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  Pennsylvania has not created a constitutionally protected liberty interest in parole through its statutes.  *Rodgers v. Parole Agent SCI-Frackville, Wech*, 916 F.Supp 474, 476-7 (E.D.Pa. 1996).  Because the Petitioner does not have a liberty interest in parole, his due process claim must also fail.  We note that while Porter appears to claim that he is being forced to participate in sex offender treatment under 42 Pa.C.S.A. § 9718.1, which requires treatment for sex offenders incarcerated for certain crimes prior to any consideration for parole, there is no indication in his parole denials that the statute was applied to him.  Indeed, the very fact that he has been considered for parole belies this assertion.[2]  Additionally, Petitioner has provided no evidence to

---

[2] 42 Pa.C.S.A. § 9718.1 is clearly not applicable to the Petitioner as he was convicted prior to the effective date of § 9718.1.  *See Evans v. Pennsylvania Board of Probation and Parole*, 820 A.2d 904, 908 (Pa.Cmwlth. 2003)(noting that § 9718.1 applies "...to offenses committed on or after the effective date of [Act
(continued...)

show that he has completed the full sex offender treatment program.  Thus, he cannot claim that he should be credited with completion of the program.

### C. Incriminating Statement

Porter's next claim is that officials have forced him to make statements against himself and have refused to acknowledge those statements and release him on parole.  He argues that this violates the Fourteenth Amendment's equal protection clause, the Fifth Amendment, and the Sixth Amendment.  Again, Petitioner's equal protection claim must fail as he has failed to allege that he is being treated differently than others similarly situated.  His Sixth Amendment claim is also without merit as he is not alleging that he was denied a speedy trial, impartial jury, the right to confront witnesses against him, or an attorney during his criminal proceeding.

With regard to Porter's Fifth Amendment claim, the Respondents argue that the amendment has not been implicated as Petitioner has not been forced to be a witness against himself in a criminal proceeding.  They also contend that he cannot

---

[2](...continued)
2000-98].").

incriminate himself by admitting his guilt to a crime for which he has already been convicted.

The Supreme Court has held that programs which require offenders to admit responsibility for past actions do not "...compel prisoners to incriminate themselves in violation of the Constitution..." so long as offenders are not compelled in some way to admit responsibility. *McKune v. Lile*, 536 U.S. 24, 35-6, 122 S. Ct. 2017, 2026, 153 L. Ed. 2d 47, 58-9 (2002).  Porter appears to be arguing that he was compelled to admit responsibility for the crime for which he was convicted by being told that he would be granted parole.  However, the completion of a sex offender treatment program does not guarantee that a prisoner will be granted parole in Pennsylvania and the failure to complete treatment does not automatically mean that parole will be denied.  (Doc. 11, Ex. 1, ¶ 19).  Since the successful completion of sex offender treatment is not a mandatory requirement of parole for the Petitioner, we cannot conclude that he has been compelled to admit responsibility for his past sexual offenses.  Further, while Porter may have admitted responsibility for his past actions, he clearly denied responsibility while participating in the batterer's intervention group and, in this action, he continues to deny responsibility.  Thus, it seems logical that officials would not credit his admission of responsibility.

     D.    <u>Further Prosecution</u>

Petitioner's final claim is that officials have failed to adequately review him for parole and have left him open to further prosecution by forcing him to make false statements against himself in violation of the Fourteenth Amendment's equal protection clause. As with his other claims, however, Porter has failed to allege that he has been treated differently from others similarly situated. Therefore, his claim must be denied.

IV.    <u>Conclusion</u>

We will deny the petition. We will also deny a certificate of appealability, based on the above analysis. However, Petitioner is advised that he has the right for thirty (30) days to appeal our order denying his petition, *see* 28 U.S.C. § 2253(a); Fed. R. App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22; Local Rule of Appellate Procedure 22.1.

-9-

We will enter an appropriate order.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: March 13, 2006

```
             UNITED STATES DISTRICT COURT FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA


  MICHAEL A. PORTER,              :
                                  :
         Petitioner               :
                                  :    CIVIL NO. 1:CV-05-0681
         vs.                      :
                                  :    (Judge Caldwell)
  JAMES L. GRACE, et al.,         :
                                  :
         Respondents.             :
```

O R D E R

AND NOW, this 13th day of March, 2006, it is ordered that:

    1. The petition (doc. 10) for a writ of habeas corpus is denied.

    2. A certificate of appealability is denied.

    3. The Clerk of Court shall close this file.

```
                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge
```